UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
CHARLES E. ORTEGO, *et al.*,   )    No. C14-1840RSL
                               )
           Plaintiff,    )
   v.                          )
                               )    ORDER GRANTING DEFENDANTS'
LUMMI ISLAND SCENIC ESTATES    )    MOTION FOR SUMMARY
COMMUNITY CLUB, INC., *et al.*,)    JUDGMENT REGARDING BOUND
                               )    LOTS CLAIMS
           Defendant.[1]  )
_____)

This matter comes before the Court on "Defendants' Motion for Partial Summary Judgment Regarding Bound Lots Claims." Dkt. # 48. Defendant Lummi Island Scenic Estates Community Club ("LISECC") allows members who have combined – or bound – contiguous non-buildable lots into a single lot to pay dues or assessments for only one lot. Plaintiffs assert a number of claims arising from this policy, arguing that it exceeds LISECC's authority under the recorded instruments that created the Lummi Island Scenic Estates subdivision ("LISE") and/or Washington law. Defendants seek summary judgment on these bound lots claims.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial

---

[1] Counsel are instructed to utilize this abbreviated form of caption in all future papers and to refrain from listing each and every moving party when filing documents in CM/ECF.

ORDER GRANTING DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT

responsibility of informing the district court of the basis for its motion" (<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." <u>Celotex Corp.</u>, 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." <u>Krechman v. County of Riverside</u>, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. <u>City of Pomona v. SQM N. Am. Corp.</u>, 750 F.3d 1036, 1049 (9th Cir. 2014); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. <u>S. Cal. Darts Ass'n v. Zaffina</u>, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. <u>FreecycleSunnyvale v. Freecycle Network</u>, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties in the light most favorable to plaintiffs,[2] the Court finds as follows:

The plats by which LISE came into being state that "Ownership in any lot carries the ownership of one membership in [LISECC or its predecessor] subject to the Articles and By-Laws thereof." Dkt. # 65-1 and 65-2. The Articles of Incorporation that were filed with the

---

[2] The Court finds that this matter can be decided on the papers submitted. Plaintiffs' request for oral argument is DENIED.

ORDER GRANTING DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT                -2-

Secretary of State on June 14, 1962, provide that LISECC is a non-profit corporation whose business will "not be carried on for profit either to itself or for the benefit of its members," that LISECC shall exercise its powers "for the purpose of doing, serving and applying the things [set forth in the Articles] for the benefit of all property . . . subject to the jurisdiction of the corporation," and that membership in the corporation "shall be inseparately [sic] appurtenant to tracts owned by its members." Dkt. # 65-4 at 4, 9, and 10. The original corporate By-Laws provided as follows:

- "Each owner or purchaser shall have one membership regardless of the number of lots so owned or purchased . . . ." Dkt. # 65-6 at 3 (Art. II, § 2);

- Membership in the corporation "shall be inseparably appurtenant to lots owned by the members" which "shall ipso facto be deemed to be transferred" to any new owner or purchaser Dkt. # 65-6 at 3 (Art. II, § 4);

- "The annual dues may not be suspended for any reason." Dkt. # 65-6 at 4 (Art. II, § 5);

- "The members of the Community Club shall be liable for the payment of such annual dues as may from time to time be fixed and levied by the Board of Directors pursuant to the Articles of Incorporation and these By-Laws" with a cap of $30.00 per lot per annum unless a majority of the membership votes for a special assessment Dkt. # 65-6 at 8-9 (Art. IX, § 1);

- "Dues against members or the land . . . shall be levied by the Board of Directors on an equitable basis without distinction or preference of any kind." Dkt. # 65-6 at 4 (Art. IX, § 2);

- "[E]ach member with respect to the land or interests therein to which his membership is appurtenant shall pay" any dues, assessments, interest, fines, or penalties levied by the Community Club. Dkt. # 65-6 at 4 (Art. IX, § 5); and

- "These By-Laws may be amended at any time by a majority vote of those members of the Community Club present at any regular meeting or present at any special meeting called for that purpose." Dkt. # 65-6 at 10 (Art. X).

ORDER GRANTING DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT                -3-

In 1973, the membership voted to amend Art. IX, § 2 to create a distinction for bound lots. The requirement that dues be levied by the Board of Directors "on an equitable basis without distinction or preference of any kind" was modified by the addition of the clause "except that in cases where a member uses more than one contiguous lot as a single building site, dues or assessments shall be levied on only one lot." A similar provision exists in the current By-Laws:

> 4.5.1.2. Dues against members or the land . . . shall be levied by the Board of Directors on an equitable basis without distinction or preference of any kind, except that in cases where a member uses two (2) or more contiguous lots as a single building site, dues (only) may be levied at the Board's discretion on only one lot.

Dkt. # 65-7 at 24. The membership has consistently rejected efforts to restrict or remove the bound lots provision in the By-Laws.[3]

Plaintiffs raise a number of challenges to the bound lots provision. First, they argue that the membership acted outside its authority when it amended the By-Laws in 1973 to create an exemption for bound lots. In making this argument, they rely on a truncated and misleading quotation from the instruments that created LISE to suggest that each lot owned gives rise to a separate membership in LISECC and that each membership carries with it the obligation to pay dues and assessments. Dkt. # 63 at 1 and 17. The plats do not mention dues or assessments at all, however. The actual quotation states that "Ownership in any lot carries the ownership of one membership in [LISECC or its predecessor] *subject to the Articles and By-Laws thereof*." Dkt. # 65-1 and 65-2 (emphasis added). The Articles and By-Laws, in turn, provide that an owner has only one membership in LISECC regardless of how many lots he or she owns and that contiguous lots combined into a single building site are eligible for a reduction in dues. A plain reading of the recorded instruments show that they specifically referenced and incorporated the

---

[3] Plaintiff Ortego's efforts to revoke or otherwise make unenforceable the bound lots exemption were ultimately unsuccessful.

ORDER GRANTING DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT             -4-

Articles and By-Laws when defining the relationship between lot ownership and membership in LISECC. The relationship described in the referenced documents cannot, therefore, be a breach of any promise or covenant in the recorded land records.

Second, plaintiffs argue that the recorded covenants must be interpreted in a way that protects the homeowners' collective interests, citing <u>Fawn Lake Maint. Comm'n v. Abers</u>, 149 Wn. App. 318 (2009). Interpretation is not necessary, however, where the drafter's intent is clear from the ordinary and common meaning of the words. <u>Wilkinson v. Chiwawa Cmtys. Ass'n</u>, 180 Wn.2d 241, 249-51 (2014); <u>Hollis v. Garwall, Inc.</u>, 137 Wn.2d 683, 696 (1999). The plats' limited description of the relationship between lot ownership and membership is "subject to" LISECC's Articles and By-Laws. Plaintiffs do not acknowledge the "subject to" language or identify an ambiguous term that requires interpretation. The drafter's intent to give the community flexibility in determining how lot ownership translates into a membership interest in LISECC is clear. The court will not interpret the covenant in a way that ignores its plain and obvious meaning.

In the fact section of their opposition, plaintiffs argue that individual Board members (and/or their family and friends) are benefitting from the bound lots exemption and should have exercised their discretion under the current version of the By-Laws to kill the program. No case law or other authority is offered in support of this argument.

Fourth, plaintiffs maintain that the bound lots exemption is a terrible idea that benefits a handful of lot owners at the majority's expense. The argument seems to be that the Court should preclude LISECC from making any decisions that would increase the relative burdens on a majority of the homeowners. The bound lots exemption came into existence through an amendment to the By-Laws and in accordance with LISECC's established decisionmaking processes, however. Plaintiffs fail to acknowledge that the exemption has enjoyed the consistent support of the vast majority of the members every time the issue has been put to a vote.

Although this argument is couched in language suggesting that a hostile majority has victimized a vulnerable minority, in reality the majority of LISECC members voted against their own interests in order to protect the minority from a perceived unfairness. Plaintiffs may disagree with the decision on its merits, but it is not per se unreasonable and plaintiffs have not identified any procedural defect that would invalidate the exemption.

Fifth, plaintiffs rely on a "Notice to the Public of Assessment on Real Property" that LISECC recorded in 1968. The documents puts owners and future purchasers in LISE on notice that "an annual assessment for maintenance and improvements against each and every Lot" will be made in accordance with the original plats. The plats are quoted in the Notice, including the reference incorporating LISECC's Articles of Incorporation and By-Laws. As discussed above, the By-Laws were amended in 1973 to provide a reduction in dues for bound lots. Because the 1968 Notice incorporates the plats, which incorporates the By-Laws, there is no violation of this recorded document.

Finally, plaintiffs argue that it would be improper to grant summary judgment on the bound lots claims because the collection of dues under that program is simply one prong of a larger profiteering scheme through which funds are collected from all homeowners for the benefit of a few. If there is something wrong with the way LISECC allocates its funds, plaintiffs will have an opportunity to establish that fact as the case moves forward. Even if the Court assumes, for purposes of this argument, that certain expenditures violate the governing Articles and/or By-Laws, that does not mean that each and every income stream flowing into LISECC's coffers is unlawful simply because the money is used for an allegedly unlawful purpose. Plaintiffs have not shown that LISECC is barred from collecting dues or from establishing a bound lots exemption from dues. Thus, the dues collected under the program are legitimate income to LISECC, even if they are subsequently used for an impermissible purpose.

1   For all of the foregoing reasons, the Court finds that plaintiffs have failed to raise a
2   genuine issue of material fact regarding the lawfulness of the bound lots exemption. The bound
3   lots claims – whether asserted under RICO, the CPA, or common law doctrines – are hereby
4   dismissed, and defendants' motion for partial summary judgment (Dkt. # 48) is GRANTED.

6   Dated this 29th day of April, 2016.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge