UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
CHARLES E. ORTEGO, *et al.*,              )    No. C14-1840RSL
                                          )
              Plaintiff,               )
    v.                                   )
                                          )    ORDER DENYING DEFENDANTS'
LUMMI ISLAND SCENIC ESTATES               )    MOTION FOR SANCTIONS
COMMUNITY CLUB, INC., *et al.*,           )
                                          )
              Defendant.               )
_____)

This matter comes before the Court on "Defendants' Motion for Sanctions." Dkt. # 212. Defendants assert that they are entitled to sanctions under Fed. R. Civ. P. 11, 28 U.S.C. § 1927, the Court's inherent authority, General Rule 3(d), and Local Civil Rule 11(c). Having reviewed the memorandum, declarations, and exhibits submitted by defendants on December 27, 2017,[1] the Court finds as follows:

**A. FED. R. CIV. P. 11**

A motion for sanctions under Rule 11 "must be made separately from any other motion" and must be served on the opposing party at least twenty-one days before it is filed with the Court. Even if the Court were willing to overlook the filing of a combined request for relief, the "safe harbor" provisions of Rule 11(c)(2) are mandatory (Radcliffe v. Rainbow Constr. Co., 254

---

[1] Defendants' motion did not raise a colorable claim to the relief requested. The Court has considered the responsive submissions only in the context of ruling on plaintiffs' request for sanctions.

ORDER DENYING DEFENDANTS'
MOTION FOR SANCTIONS

F.3d 772, 788-89 (9th Cir. 2001)), and there is no indication that the motion was timely served on plaintiffs. In addition, the purpose of the "safe harbor" is to give the offending party an opportunity to withdraw or correct its pleading and thereby escape sanctions: "a party cannot wait until after summary judgment to move for sanctions under Rule 11." Barber v. Miller, 146 F.3d 707, 710-11 (9th Cir. 1998) (quoting Ridder v. City of Springfield, 109 F.3d 288, 297 (6th Cir. 1997).[2]

**B. 28 U.S.C. § 1927**

Defendants seek an award of fees and costs under 28 U.S.C. § 1927. The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Because § 1927 authorizes sanctions for the multiplication of proceedings, it applies only to unnecessary filings and tactics that occur after the complaint is filed: the statute does not apply to the initial pleading. In re Keegan Mgmt. Co. Securities Litig., 78 F.3d 431, 435 (9th Cir. 1996). In addition, an award of fees under the statute requires a finding of subjective bad faith. Blixseth v. Yellowstone Mountain Club, LLC, 796 F.3d 1004, 1007 (9th Cir. 2015). Bad faith "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th Cir. 2002). "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." In re Keegan Mgmt., 78 F.3d at 436.

---

[2] Defendants withdrew their request for Rule 11 sanctions after plaintiffs filed their response memorandum. The withdrawal was emblematic of the way in which this case has been litigated. The Court has retained the analysis to highlight the fact that the extraordinary fees incurred in this litigation and the wasted effort of which defendants complain were not caused solely by plaintiffs or their counsel.

ORDER DENYING DEFENDANTS'
MOTION FOR SANCTIONS                -2-

1      The statute sets a very high threshold before an attorney will be required to reimburse the
2 opposing party for a portion of its attorney's fees. A high threshold is appropriate given the
3 likelihood that fee shifting could chill advocacy. The Court therefore starts its analysis with the
4 presumptions that an award of fees is not appropriate and that counsels' conduct falls within the
5 acceptable realm of zealous advocacy, untainted by bad faith. Nevertheless, a thousand-foot
6 view of the docket suggests that certain arguments were frivolous and that, after plaintiffs' main
7 theory of the case (*i.e.*, that the defendants were engaged in a conspiracy to enforce plat
8 restrictions that they knew had expired) was found to lack merit, continued litigation may have
9 been unreasonable and vexatious.

10     Defendants, however, make no attempt to identify (a) the point at which counsel should
11 have acknowledged that further litigation was useless, (b) expenses related to arguments or
12 motions that are sanctionable under § 1927, or (c) conduct that impeded the defense of this
13 action or constituted harassment. Instead, defendants state: "With the exception of the initial
14 Complaint and the Divisions 3-10 plat expiration claim – for which § 1927 sanctions are not
15 sought – all of the actions taken by attorneys Stockmeyer and Albert were sanctionable." Dkt.
16 # 212 at 25. Defendants seek an award of $634,472.14 in fees and costs. There are three
17 problems with this request. First, although defendants acknowledge that they cannot seek
18 recovery under § 1927 for the filing of meritless claims, they nevertheless seek virtually all fees
19 incurred thereafter, apparently on the theory that the claims should have been immediately
20 dismissed. The adequacy of the initial investigation and any corrections or voluntary dismissals
21 is governed by Rule 11. Having failed to utilize that tool appropriately, defendants cannot seek
22 fees simply because they had to file dispositive motions to resolve the claims. Second,
23 defendants turn § 1927 on its head when they argue that they are entitled to fees unless the legal
24 issues presented by plaintiffs had merit and/or were subject to debate among reasonable jurists
25 (*e.g.*, the sunset clause issue). Defendants are entitled to recover only those expenses incurred in
26 responding to arguments or motions that were asserted in bad faith. The fact that all of plaintiffs'

ORDER DENYING DEFENDANTS'
MOTION FOR SANCTIONS              -3-

claims were ultimately dismissed does not establish that plaintiffs knowingly or recklessly raised a frivolous claim or pursued non-frivolous claims in order to harass defendants. Third, with regards to the sunset clause issue which defendants acknowledge was not frivolous, defendants exclude from their fee request only the cost of bringing a motion for summary judgment. They inexplicably seek fees and costs associated with discovery regarding the plat restrictions, even though the issue was not frivolous and there is no evidence of an intent to harass.[3]

Defendants' assertion that virtually "all actions" of plaintiffs' counsel were sanctionable and their request for the vast majority of fees incurred in this action are insupportable. Plaintiffs engaged in normal litigation activities, such as amending the operative pleadings, entering into stipulations, serving and responding to discovery, filing motions to continue, and filing and responding to dispositive motions. Other than the fact that defendants believe this case should never have been filed, they offer no explanation for their claim that everything counsel did was in bad faith. Defendants, for their part, incurred fees and costs having nothing to do with any frivolous or harassing conduct by plaintiffs, such as filing corporate disclosure statements, negotiating a joint status report, answering the complaint, filing and responding to dispositive motions, renoting motions, and taking discovery. To the extent these fees and costs were exorbitant, they cannot all be laid at plaintiffs' door. A review of the docket shows that the manner in which defendants chose to defend this action was not particularly efficient or cost-effective. Filing five separate dispositive motions, conducting exhaustive discovery before seeking resolution of the sunset provision issue, and preparing for trial when a dispositive

---

[3] Defendants argue that this lawsuit was improperly motivated by a desire to "pressure defendants to capitulate" and to cease their efforts to collect dues and carry out community functions on behalf of the homeowners' association. Dkt. # 212 at 11. Defendants' characterization is not fair. Whatever plaintiffs' true motivation, their conduct was consistent with that of a litigant who believes in his litigation position. Plaintiffs argued that the plat restrictions had expired and, not surprisingly, wanted defendants to stop enforcing them. The issue is whether plaintiffs knew that the restrictions were still enforceable and pursued the claims in bad faith, not whether they wanted to alter defendants' conduct by pursuing this litigation.

ORDER DENYING DEFENDANTS'
MOTION FOR SANCTIONS             -4-

motion was outstanding[4] all increased the costs of this litigation for little appreciable gain. While there is no doubt that plaintiffs raised meritless issues and may even have pursued this litigation to the bitter end in order to harass defendants, defendants make no attempt to separate and quantify the fees associated with responding to potentially sanctionable conduct. The Court will not do it for them.

**C. INHERENT AUTHORITY**

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates. . . . These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). One facet of a federal court's inherent power is that it may assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." F.D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc., 417 U.S. 116, 129 (1974).

As discussed above, defendants have not made any attempt to separate the fees incurred in normal litigation tasks (including discovery related to the sunset provision) from those which may be attributable to vexatious or bad faith conduct (such as the filing of meritless motions and/or pursuit of claims long after their lack of merit should have been apparent). Even if one assumes that plaintiffs engaged in sanctionable conduct at various points throughout this litigation, defendants have not justified an outsized-sanction of over $630,000.

---

[4] The Court appreciates defendants' diligence in complying with the case management deadlines, but, given the nature of the remaining issues and the pending dispositive motion, a stipulation or motion to extend the trial date would have been appropriate.

ORDER DENYING DEFENDANTS'
MOTION FOR SANCTIONS                          -5-

**D. GENERAL RULE 3(d)**

The Western District of Washington incorporated its Local General Rules into the Local Civil Rules as of December 1, 2012. No relief can be afforded under a rule that no longer exists.

**E. LOCAL CIVIL RULE 11(c)**

Defendants seek to recover virtually all of their fees under LCR 11(c) on the grounds that plaintiffs presented unnecessary motions or unwarranted oppositions and that they multiplied the proceedings. While the Court is willing to assume that there were frivolous motions and arguments raised in this matter, defendants make no effort to calculate the fees and costs incurred in responding to them and offers no justification for sanctions in the amount of $634,472.14.

For all of the foregoing reasons, defendants' motion for sanctions is DENIED.

Dated this 3rd day of April, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS'
MOTION FOR SANCTIONS               -6-